UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TARA WIENER,

        Plaintiff,

v.                                Case No. 8:17-cv-876-AEP

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social Security,

        Defendant.
_____/

**ORDER**

This cause comes before the Court upon Plaintiff's Unopposed Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) (Doc. 23). On November 20, 2017, this Court entered an Order reversing and remanding the decision of the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings (Doc. 19). Upon remand, the ALJ issues an unfavorable decision, which was remanded by the Appeals Council. Subsequently, the Commissioner issued a favorable decision for Plaintiff resulting in an award of disability benefits (*see* Doc. 23, at 3; Docs. 23-3, 23-4). As a result of the favorable decision, Plaintiff's

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kikolo Kijakazi should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

counsel now seeks payment of fees in the amount of $35,795.28 pursuant to 42 U.S.C. § 406(b). The Commissioner does not oppose the requested relief.

Under 42 U.S.C. § 406(b), when a court renders a judgment favorable to a Social Security claimant who was represented before the court by counsel, the court may allow a reasonable fee for such representation, not to exceed twenty-five percent of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). A plaintiff's counsel may recover attorney's fees under both 42 U.S.C. § 406(b) and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The plaintiff's attorney must, however, refund to the plaintiff the amount of the smaller fee. *Id.* The Court previously awarded Plaintiff's fees in the amount of $4,471.45 pursuant to the EAJA, 28 U.S.C. § 2412 (Doc. 22). However, due to a debt owed by Plaintiff, counsel did not receive payment of the fees awarded under the EAJA (Doc. 23, at 3).

After the disability finding, the Social Security Administration withheld $27,513.03 (Doc. 23-3, at 4) and $8,282.25 (Doc. 23-4, at 4) from Plaintiff's past-due benefits for possible payment of attorney's fees in federal court, for a total of $35,795.28. Upon review of the fee agreement (Doc. 23-1) and the itemization of services rendered by counsel (Doc. 23-2), the Court determines that an award of fees in the amount of $35,795.28 is reasonable and appropriate. Accordingly, it is hereby

ORDERED:

1. Plaintiff's request for an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 23) is GRANTED.

2. Plaintiff's counsel is awarded fees in the amount of $35,795.28 pursuant to 42 U.S.C. § 406(b).

DONE AND ORDERED in Tampa, Florida, on this 16th day of August, 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

3